**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-4078

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRIAN WESLEY MCCULLUM,

Defendant - Appellant.

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Joseph Robert Goodwin, District Judge. (CR-04-21)

Submitted: November 30, 2005      Decided: January 3, 2006

Before MICHAEL, TRAXLER, and SHEDD, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Herbert L. Hively, II, Hurricane, West Virginia, for Appellant. Kasey Warner, United States Attorney, Miller A. Bushong, III, Assistant United States Attorney, Beckley, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Brian Wesley McCullum pled guilty, pursuant to a written plea agreement, to one count of aiding and abetting possession with intent to distribute cocaine, 21 U.S.C. § 841(a) (2000); and one count of using a firearm during and in relation to a drug trafficking crime, 18 U.S.C. § 924(c) (2000), and was sentenced to 24 months on the drug count and a consecutive 60 months on the firearms count. At sentencing, the district court found, by a preponderance of the evidence--and over McCullum's objections--that he was responsible for a total drug weight of 118 grams of cocaine, and assigned a base offense level of 18. The court then awarded McCullum a three-level reduction for acceptance of responsibility, U.S. Sentencing Guidelines Manual § 3E1.1(a) (2004), resulting in a total offense level of 15. With a criminal history category of III, McCullum's guidelines sentencing range was 24 to 30 months imprisonment. The court imposed a sentence at the bottom of the range. McCullum appeals, challenging his sentence under United States v. Booker, ___U.S.___, 125 S. Ct. 738 (2005). McCullum argues that his base offense level with respect to the § 841(a) conviction was calculated, in part, based on judicial factfinding in violation of Booker. We agree.

McCullum's base offense level, without the challenged drug weights and before making any appropriate adjustments for acceptance of responsibility, would have been 12 and his guideline

- 2 -

range would have been 15 to 21 months imprisonment.  Therefore, because McCullum's sentence was greater than that authorized by the facts he admitted in his guilty plea, we vacate his sentence and remand for resentencing in accordance with <u>Booker</u>.[*]  We affirm McCullum's  sentence on the firearms count.

Although the sentencing guidelines are no longer mandatory, <u>Booker</u> makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing."  125 S. Ct. at 767.  On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination.  <u>See</u> <u>United States v. Hughes</u>, 401 F.3d 540, 546 (4th Cir. 2005) (applying <u>Booker</u> on plain error review).  The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence.  <u>Hughes</u>, 401 F.3d at 546.  If that sentence falls outside the guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000).  <u>Id.</u>  The sentence must be "within the statutorily prescribed range and . . .

_____

[*]Just as we noted in <u>United States v. Hughes</u>, 401 F.3d 540, 545 n.4 (4th Cir. 2005), "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of McCullum's sentencing.

. reasonable." <u>Id.</u> at 546-47. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART,</u>
<u>VACATED IN PART,</u>
<u>AND REMANDED</u>